J-S82044-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BEVERLY BLACKWELL, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| BRETT RUSSELL, | |
| Appellee | No. 861 MDA 2016 |

Appeal from the Judgment May 12, 2016
in the Court of Common Pleas of Schuylkill County
Civil Division at No.: S-2437-11

BEFORE:  OTT, J., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:          **FILED DECEMBER 16, 2016**

Appellant, Beverly Blackwell, appeals from the grant of summary judgment entered May 12, 2016, in favor of Appellee, Brett Russell.  We affirm.

We take the factual and procedural history in this matter from the trial court's July 22, 2016 opinion, and our review of the certified record.  On November 16, 2011, Appellant filed a complaint against Appellee seeking damages for property loss resulting after fire damage to her home, at 108 West Main Street, Girardville, Pennsylvania.  The fire, which originated at Appellee's property, 112 West Main Street, was allegedly started by tenant Erik Angstadt's children in the basement of the home they rented from

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellee. Mr. Angstadt's lease with Appellee was a standard lease wherein Appellee could come in and inspect the premises, but which did not contain a reservation of control. (*See* Trial Court Opinion, 7/22/16, at 4).

Appellant's complaint alleged that Appellee was liable for damage to her house because he did not inspect the work performed by an earlier tenant who installed a wood burning stove. She further alleged that he breached his duty to ensure the stove was installed correctly, obtain the proper permits, and instruct the tenant on the proper use of the stove. (*See* Complaint, 11/16/11, at unnumbered pages 1-2).

On March 28, 2016, Appellee filed a motion for summary judgment.[1] In it, he provided the deposition testimony of Girardville Fire Chief, Frank Zangari, who was deposed on July 19, 2012. After investigating the fire, Chief Zangari concluded that it was caused by one of Mr. Angstadt's children, who "filled wood burner in basement of 112 West Main Street with approximately [twenty-four] starter logs, added magazines, cardboard and

---

[1] This matter originally involved three cases which were consolidated based on the request of all parties. On July 29, 2014, the trial court granted Appellee's summary judgment motion as to all three cases. The plaintiffs, including Appellant, appealed. On July 7, 2015, this Court quashed the appeal because no judgment had been entered in regard to Erik Angstadt, a defendant in one of the consolidated cases. (*See HBR Properties, LLC v. Brett Russell*, 1492 MDA 2014, unpublished memorandum (Pa. Super. filed Jul. 7, 2015)). On January 6, 2016, Appellant filed a motion to sever her case from the others, which the trial court granted on January 13, 2016. On March 9, 2016, the parties filed a stipulation to re-file the same summary judgment pleadings, thus the March 28, 2016 motion for summary judgment. (*See* Trial Ct. Op., at 1-2).

wood, ignited all materials with several matches, closed the wood burner door, did not lock the wood burner door and left the building approximately [fifteen] minutes later." (N.T. Zangari Deposition, 7/19/12, Exhibit A, Girardville Fire Department Incident Report, at 2). When questioned whether the chimney could have had anything to do with the fire, he testified that:

> The chimney was inspected after the fire. The chimney in my opinion looked clean. The stove pipe going into the chimney wall, the mortar was good. Everything was in place. In fact, we actually removed that as part of the investigation. The chimney didn't seem to be part of that fire.

(*Id.* at 29). On May 12, 2016, the trial court granted summary judgment in favor of Appellee and against Appellant. This timely appeal followed.[2]

Appellant raises one issue on appeal.

> 1[.] Whether the [trial] court committed an error of law or abused its discretion by granting the Appellee's motion for summary judgment where there exists genuine issues of material fact in dispute regarding Appellee's negligence, thereby precluding the entry of summary judgment?

(Appellant's Brief, at 4) (most capitalization omitted).

> Our standard of review on an appeal from the grant of a motion for summary judgment is well-settled. A reviewing court may disturb the order of the trial court only where it is

---

[2] Pursuant to the trial court's order, Appellant filed her concise statement of errors complained of on appeal on June 8, 2016. *See* Pa.R.A.P. 1925(b). On June 10, 2016, the trial court entered an order attaching the October 27, 2014 opinion drafted for the initial appeal. On July 22, 2016, the court entered an amended opinion. *See* Pa.R.A.P. 1925(a).

established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will review the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*Krauss v. Trane U.S. Inc.*, 104 A.3d 556, 562-63 (Pa. Super. 2014) (case citation omitted).

Appellant claims that the trial court erred in granting summary judgment in favor of Appellee because there existed a genuine issue of material fact as to whether he was negligent in failing to obtain a permit for, or inspect, the wood burning stove, and whether that negligence was a direct and proximate cause of the fire. (**See** Appellant's Brief, at 9-10). Specifically, she argues that, although Appellee was a landlord out of possession and thus would be relieved from liability for injuries suffered by third parties, in this case he should still be liable for her damages because he reserved control over the wood burning stove. (**See id.** at 11). We disagree.

- 4 -

To prevail on a cause of action for negligence, a plaintiff must prove a duty recognized by law, a breach of duty, a causal connection between defendant's breach of duty and the injury, and actual loss or damage suffered by plaintiff. *See Jones v. Levin*, 940 A.2d 451, 454 (Pa. Super. 2007).

"As a general rule, a landlord out of possession is not liable for injuries incurred by third parties on the leased premises because the landlord has no duty to such persons. . . . Thus, liability is premised primarily on possession and control, and not merely [on] ownership." *Id.* (citations and internal quotation marks omitted). However, there are several exceptions to the landlord out of possession non-liability rule. *See id.*

> A landlord out of possession may incur liability (1) if he has reserved control over a defective portion of the demised premises; (2) if the demised premises are so dangerously constructed that the premises are a nuisance *per se*; (3) if the lessor has knowledge of a dangerous condition existing on the demised premises at the time of transferring possession and fails to disclose the condition to the lessee; (4) if the landlord leases the property for a purpose involving the admission of the public and he neglects to inspect for or repair dangerous conditions existing on the property before possession is transferred to the lessee; (5) if the lessor undertakes to repair the demised premises and negligently makes the repairs; or (6) if the lessor fails to make repairs after having been given notice of and a reasonable opportunity to remedy a dangerous condition existing on the leased premises.

*Henze v. Texaco, Inc.*, 508 A.2d 1200, 1202 (Pa. Super. 1986) (citations omitted). In the instant matter, Appellant argues applicability of the reserved control exception.

> [W]here the landlord retains control of a part of the leased premises, which is necessary to the safe use of the leased portion, he is liable to the lessee and others lawfully on the premises for physical harm caused by a dangerous condition existing upon that part over which he retains control, if by the exercise of reasonable care he could have discovered the condition and the risk involved, and made the condition safe.

*Jones*, *supra* at 455 (citation omitted).

In the instant case, the trial court concluded that none of the exceptions to the landlord out of possession rule applied. It explained that "[Appellee] was clearly out of possession. The fact that he could come in and inspect if he wished does not imply a reservation of control, when the tenant is responsible for all repairs and maintenance." (Trial Ct. Op., at 4). Furthermore, as the court noted, the evidence shows that there is no issue of material fact that the fire was caused by the operation of the stove by one of Mr. Angstadt's children, and there was "no evidence of causation between the fire and the lack of a permit or an inspection." (*Id.* at 3).

We discern no error of law in the trial court's conclusion. *See Krauss*, *supra* at 562-63. Appellant has not set forth any evidence that would prove that Appellee reserved control of the wood burning stove, nor has she introduced any evidence that his alleged negligence caused the fire. *See Jones*, *supra* at 454-55. Accordingly, we agree with the trial court there was no genuine issue of material fact and summary judgment was proper on this basis.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/16/2016